THOMAS C. HORNE
Attorney General
Firm Bar No. 14000

Kevin D. Ray, No. 007485
Lori S. Davis, No. 027875
Aubrey Joy Corcoran, No. 025423
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8309
Facsimile:  (602) 542-8308
Email: EducationHealth@azag.gov

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| STATE OF ARIZONA, et al., | |
|---|---|
| Plaintiffs, | Case No. 11-CV-01072-PHX-SRB |
| vs. | **RESPONSE AND OBJECTION TO MOTION TO INTERVENE** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiffs State of Arizona, Janice K. Brewer, Will Humble, and Robert C. Halladay, through undersigned counsel, hereby object to Carl Eric Olsen's ("Olsen") Motion to Intervene ("Motion") filed June 3, 2011. Plaintiffs ask the Court to deny Olsen's motion because he has not met the requisite burden of proof to establish his right to intervene under Rule 24 Fed. R. Civ. P.

**I.     Olsen failed to establish his right to intervene under Rule 24 of the Federal Rules of Civil Procedure.**

**A.  Olsen cannot claim an intervention of right.**

Olsen has not established the prerequisites for intervention under Rule 24(a), Fed. R. Civ. P. An applicant seeking an intervention of right must show: (1) that it has a significant protectable interest that is the subject of the action; (2) that disposition of the action may impair or impede its ability to protect its interest; (3) timely application; and (4) that existing parties inadequately represent applicant's interest. Fed. R. Civ. P. 24(a)*; see also Donaldson v. United States*, 400 U.S. 517, 531 (1971); *Perry v. Schwarzenegger,* 630 F.3d 898, 903-06 (9th Cir. 2011)*; Green v. U.S.,* 996 F.2d 973, 976-78 (9th Cir. 1993). To satisfy these requirements, the alleged interest cannot be one that is "an undifferentiated, generalized interest in the outcome of an ongoing action," and the applicant bears the burden of showing that each element exists. *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (internal quotation marks omitted). Failure to establish any of the four elements is fatal to the application. *Freedom From Religion Found., Inc. v. Geithner,* 2011 WL 1746137 at *1, 2 (9th Cir. 2011); *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Here, Olsen provides no legally relevant basis, or facts, for the Court to grant his Motion. Olsen's Motion provides only a brief history of medical marijuana in the United States coupled with his opinion of how Arizona has failed to seek reclassification of the drug on both a state and federal level. He seeks reclassification of marijuana from Schedule I to Schedule II and argues that the federal government cannot maintain a rule that would make an accepted state medical standard illegal. This argument, however, fails to establish Olsen's right to intervene. It offers only a superficial examination of the federalism concerns at issue without establishing the elements necessary for successful intervention.

Olsen has failed to establish the four elements of a proper intervention of right. Most notably, he has not illustrated the substance of his alleged interest. In fact, Olsen resides in Iowa and has not offered any evidence suggesting he has contact with the State of Arizona and its laws. His only assertion of interest is an unsupported negligence claim against Arizona officials and a generalized grievance on behalf of everyone in the United States. Similarly, Olsen has also failed to prove that his interest is inadequately represented by the existing parties. Olsen offers no evidence establishing that the existent parties to this suit inadequately represent his interest. Rather, the crux of his motion advances only his opinion of the type of action that should be taking place. Thus, Olsen's application for intervention must fail since he has not established all four elements of a proper intervention of right under Rule 24(a) Fed. R. Civ. P.

### B. Olsen should not be allowed to intervene through permissive intervention.

A court may grant permissive intervention if: (1) the movant shows independent ground for jurisdiction, (2) the motion is timely, and (3) the applicant's claim or defense with the main action shares a common question of law or fact. Fed. R. Civ. P. 24(b); *see also Greene v. U.S.,* 996 F.2d 973, 978 (9th Cir. 1993). District Courts have broad discretion when making the determination on a motion for permissive intervention. *See Perry*, 630 F.3d at 905-906. Even if an applicant satisfies threshold requirements, permissive intervention may be denied. *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th. Cir. 1998)).

A District Court deciding an issue of permissive intervention should consider several aspects, including: the nature and extent of intervenors' interest, the legal position they seek to advance and its probable relation to the case, whether the intervenors' interest is adequately represented by other parties, whether allowing

1 intervention will significantly contribute to the full development of underlying factual
2 issues in suit and equitable adjudication of the legal question presented, and whether
3 the party will have standing to raise relevant legal issues. Fed R. Civ. P. Rule 24(b)(1)-
4 (2); *see also Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th. Cir.
5 1977); *Perry*, 630 F.3d at 905. Here, allowing Olsen to intervene will not advance the
6 resolution of any factual or legal issues. As previously stated, Olsen resides in Iowa
7 and has provided no proof to establish a connection between himself and Arizona. His
8 only alleged interest is generalized and admittedly shared with the entire United States.
9 Thus, the interest alleged by Olsen is adequately represented by the parties currently
10 involved and, even if Olsen is permitted to intervene, he would not have standing to
11 raise any legal issues.

## CONCLUSION

Olsen has not met his burden of proof to intervene; nor would allowing his intervention further the resolution of any factual or legal issues. Olsen's motion only provides a brief overview of medical marijuana history without offering any evidence to support his right to intervene. As such, Olsen's motion fails to establish the elements necessary to allow lawful intervention under Rule 24 Fed. R. Civ. P. Thus, as a matter of law, Olsen's motion to intervene fails and he should not be permitted to intervene.

Dated this 17th day of June, 2011.

                THOMAS C. HORNE
                Attorney General

                s/ Kevin D. Ray
                Kevin D. Ray
                Lori S. Davis
                Aubrey Joy Corcoran
                Assistant Attorneys General

                Attorneys for Plaintiffs

1 **COPY** of the foregoing filed via ECF this 17th day of June, 2011 to all ECF registrants in the instant matter.

2

3 I certify that I electronically transmitted the attached document
4 to the Clerk's Office using the CM/ECF System for filing and
5 transmittal of a Notice of Electronic Filing to the following, if CM/ECF
6 registrants, and mailed a copy of same to any non-registrants, this
7 this 17th day of June, 2011 to:

8

9 Scott Risner
U.S. Department of Justice
10 Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
11 Washington, D.C. 20001

12 Brian Bergin
Rose Law Group
13 6613 N. Scottsdale Road, Suite 200
Scottsdale, AZ 85250
14

15 Lisa T. Hauser
Gammage & Burnham
16 Two North Central, 15th Floor
Phoenix, AZ 85004
17

18 Thomas W. Dean
Thomas W. Dean Esq. PLC
19 323 N Leroux Street, Suite 101
Flagstaff, AZ 86001
20

21 **COPY** of the foregoing mailed on
June 20, 2011 to:
22

23 Carl Eric Olsen
130 E Aurora Ave.
24 Des Moines, IA 50313-3654

25  s/ Phil Londen

26 #1991950

27