WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
BAR ID#: 021246

THOMAS P. LIDDY
Deputy County Attorney
BAR ID#: 019384
CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, AZ   85004
MCAO Firm #:  00032000
Telephone:  (602) 506-8541
liddyt@maco.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

Attorneys for Plaintiffs Intervenors
Maricopa County and Joy Rich

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA, *et al.*,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; *et al.,*<br>        Defendants. | NO. CV 11-01072-PHX-SRB<br><br>**MARICOPA COUNTY INTERVENORS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE** |

      Maricopa County, and Joy Rich in her official capacity as Assistant County Manager and Director of Maricopa County Planning and Development Department (collectively "County Intervenors"), Reply in support of their Motion to Intervene as Co-Plaintiffs in this declaratory judgment action.  Federal Defendants' Opposition does not effectively controvert the bases for County Intervenors' Motion and the Motion should therefore be granted.

1

## I. Introduction

County Intervenors' Motion states two independent bases for allowing their permissive intervention in this case. First, County Intervenors' claims have an independent basis for jurisdiction, they share a common question of law and/or fact with the claims set forth by Plaintiffs in the main action, and the motion to intervene is timely. Therefore, permissive intervention is available under Rule 24(b)(1)(B), Fed.R.Civ.P. Second, County Intervenors are government agencies/officers. Their claims are based on a statute they must administer and which contains requirements they must meet. Therefore, permissive intervention under Rule 24(b)(2), Fed.R.Civ.P. also is available.

County Intervenors' Motion established additional factors supporting the grant of permissive intervention, including showing that intervention will not unduly delay or prejudice the original parties, that judicial economy favors intervention and that their interests are not adequately represented by the existing parties.

Federal Defendants' Opposition fails to make any compelling argument against permissive intervention. It does not even address the fact that, as government officers and agencies, County Intervenors have a *favored* status to intervene. Further, Federal Defendants attempt to oppose the County Intervenors' Motion by arguing their motion to dismiss the State Plaintiffs' Complaint for Declaratory Relief rather than addressing the arguments for intervention raised in the Motion itself. Finally, the Opposition relies heavily on the argument that County Intervenors have not shown that their interests would not be adequately protected by the existing parties to the action. But in so doing,

it ignores the differences between the rights and duties of the County parties and the State parties in implementing the Arizona Medical Marijuana Act ("AMMA"), as well as the consequences the separate sets of parties could face as a result of their actions under the state law.  Accordingly, Federal Defendants' Opposition provides no sound basis for rejecting permissive intervention under the circumstances, and the Court should grant County Intervenors' Motion.

II. **Argument**

    A.    **County Intervenors are Government Officers and Agencies and Their Motion to Intervene Should be Liberally Granted**

Federal Defendants' Opposition to intervention utterly ignores the fact that, as government officers and agencies, County Intervenors enjoy a special and favored status for intervention because they are required to administer the statute and to comply with its requirements.  Settled case law holds that intervention by government officers and agencies under Rule 24(b)(2) should be granted readily.  *Meyer v. Macmillan Publishing co., Inc.*, 85 F.R.D. 149, (S.D.N.Y. 1980) ("even though allowance of intervention is within the court's discretion, district courts should not be niggardly in allowing a government agency to intervene in a case involving [a] statute it is required to enforce; indeed, a hospitable attitude is appropriate.")  (citing *Blowers v. Lawyers Co-operative Publishing Company*, 527 F.2d 333, 334 (2d Cir. 1975).

The AMMA requires Movant Joy Rich and other officers and employees of Maricopa County to take actions in order to implement the AMMA.  These actions include approving and issuing building permits, as well as generally facilitating the

3

1 opening and operation of any business seeking to locate a medical marijuana dispensary
2 or cultivation center within Maricopa County. In addition, the Maricopa County Board
3 of Supervisors is charged with approving, and directing its employees to issue, special
4 use permits for such facilities. These actions serve to administer the AMMA and/or are
5 required under that statute, and are therefore within the purview of Rule 24(b)(2).

6 The Opposition's failure even to address this critical issue, much less to defeat it,
7 amounts to conceding to the granting of the Motion to Intervene on this basis alone.

**B.     Federal Defendants Oppose Intervention by Improperly and Ineffectively Arguing Their Motion to Dismiss the State Plaintiffs' Complaint**

10 The Opposition strenuously argues that County Intervenors' claims suffer from
11 "the same jurisdictional flaws that exist in Plaintiffs' Complaint," even though Federal
12 Defendants' Motion to Dismiss Plaintiffs' Complaint has not yet been decided, County
13 Intervenors do not yet have standing to address the arguments raised in opposition to
14 another party's pleading, and County Intervenors' Complaint has not yet been filed.
15 Aside from being out of place, this argument is unavailing because there is a real threat
16 that County Intervenors could be subjected to criminal prosecution under the Federal
17 Controlled Substances Act and other federal criminal statutes if they implement the
18 AMMA as the voters' initiative requires them to do.

19 Here, jurisdiction is present, intervention is proper and this matter is ripe for
20 review by the Court, even if no federal prosecution has yet been initiated against the
21 County Intervenors (they have not yet done anything for which they could be
22 prosecuted). The Federal Defendants' own documents and utterances demonstrate that

4

the potential for prosecution is real. The U.S. Attorney's Office has stated that "growing, distributing and possessing marijuana *in any capacity*, other than as part of a federally authorized research program, is a violation of federal law regardless of state laws that purport to permit such activities" and that it "will continue to vigorously prosecute individuals and organizations that participate in unlawful manufacturing, distribution and marketing activity involving marijuana, even if such activities are permitted under state law." *See* Motion to Intervene, Exhibit B.

County Intervenors should not be compelled to break the law in order to learn whether, or when, they will be prosecuted for doing so. As the court in *New Hampshire Hemp Council, Inc. v. Marshall*, 203 F.3d 1, 5 (1st Cir. 2000) stated, "there ought to be a way to resolve the legal correctness of [County Intervenors'] position without subjecting [them] to criminal penalties well known for their severity and inflexible administration." The Opposition hopes that, by ignoring the principle of *Hemp Council*, it will go away. It will not. Instead, the Opposition suggests that, in order to learn their fate, the County Intervenors (and State Plaintiffs for that matter) should engage in what the Federal Defendants themselves confirm is felonious activity, which they will "vigorously prosecute." This is not a choice County Intervenors should be forced to make.

Moreover, given the Supremacy Clause and statements from the Department of Justice in its correspondence, press releases and briefings to the Court, County Intervenors are not willing to seek safety behind a state law that apparently provides no defense to federal prosecution. Nor should they be required to, given the Article III

1 jurisdiction of this Court to serve as a forum for relief.  To the extent that the federal
2 government argues that County Intervenors have no claim because they should have "no
3 worries" over prosecutions of county employees, the Court, in its consideration of
4 whether to accept jurisdiction, should weigh the considerable harm such hypocrisy
5 causes as it makes a mockery of our criminal laws.

6       **C.**     **County Intervenors Must Independently Protect Their Own Interests**

7       Contrary to the Opposition's assertions, County Intervenors must be able to
8 protect their own unique interests in order to be adequately represented in this critical
9 declaratory relief action.  County Intervenors can better represent and protect their
10 interests in connection with their specific duties in implementing the AMMA than can
11 the State Plaintiffs, whose duties, authority and operations, while having some
12 similarities, also differ markedly from those of County Intervenors.  For example, since
13 Intervenor Joy Rich's Maricopa County Planning and Development Department must
14 approve new business uses, and facilitate the opening and operation of any new business
15 seeking to locate within the County, that agency's position regarding implementation of
16 the AMMA will necessarily and obviously differ from that of the State Plaintiffs.
17 Significantly, while some of the State Plaintiffs' activities in implementing the AMMA
18 might be legal under the federal drug laws, other activities by the County Intervenors in
19 implementing the AMMA might be considered crimes.  The Opposition studiously
20 ignores this inconvenient fact, and for good reason: the Federal Defendants have no
21 answer to it.

22       The actions that County Intervenors must take for their part in implementing the

6

1 AMMA are in addition to, and distinctly separate from, the actions the State Plaintiffs
2 must take to implement the new law.  As such, County Intervenors must have a judicial
3 determination of *their specific rights and duties* under the admittedly inconsistent state
4 and federal laws.  Indeed, County Intervenors would have a sound basis for filing their
5 own lawsuit based on their unique interests and duties in implementing the AMMA.
6 However, granting intervention would allow the County Intervenors to present and
7 protect their interests in a common lawsuit rather than in a separate action.  Such
8 intervention would not prejudice the existing parties.  Indeed, Federal Defendants have
9 not argued that they or any other party would be prejudiced by County Intervenors'
10 intervention, again because they cannot make that argument.  Accordingly, intervention
11 should be allowed.

12        RESPECTFULLY SUBMITTED this ___15th___ day of August 2011.

13                                WILLIAM G. MONTGOMERY
                                   MARICOPA COUNTY ATTORNEY
14
                                   BY: _/s/William G. Montgomery_____
15                                     WILLIAM G. MONTGOMERY
                                       Attorneys for Plaintiffs Intervenors
16                                     Maricopa County and Joy Rich

17                          CERTIFICATE OF SERVICE

18        I hereby certify that on August ___15th___ 2011, I caused the foregoing document
   to be electronically transmitted to the Clerk's Office using the CM/ECF System for
19 filing and transmittal of a Notice of Electronic Filing to the following CM/ECF
   registrants:
20
   Honorable Susan Bolton
21 United States District Court
   Sandra Day O'Connor U.S. Courthouse
22 401 West Washington Street, Suite 322, SPC 11

7

| | |
|---|---|
| 1 | Phoenix, Arizona 85003-2120 |
| 2 | Kevin D. Ray |
|   | Lori Simpson Davis |
| 3 | Aubrey Joy Corcoran |
|   | Office of the Attorney General |
| 4 | 1275 West Washington Street |
|   | Phoenix, Arizona  85007 |
| 5 | *Attorneys for Plaintiffs State of Arizona,* |
|   | *Janice K. Brewer, William Humble,* |
| 6 | *Robert C. Halliday* |
| 7 | Ezekiel R. Edwards, Esq. |
|   | American Civil Liberties Union Foundation |
| 8 | 1101 Pacific Avenue, Suite 333 |
|   | Santa Cruz, CA  95060 |
| 9 | *Attorney for Defendant Arizona Medical* |
|   | *Marijuana Association* |
| 10 | |
|   | Daniel J. Pochoda |
| 11 | ACLU Foundation of Arizona |
|   | 77 E. Columbus Street, Suite 205 |
| 12 | Phoenix, AZ  85012 |
|   | *Attorney for Defendant Arizona Medical* |
| 13 | *Marijuana Association* |
| 14 | Thomas W. Dean |
|   | Thomas W. Dean, Esq. PLC |
| 15 | 323 N. Leroux Street, Suite 101 |
|   | Flagstaff, AZ  86001 |
| 16 | *Attorney for Defendant Arizona Association* |
|   | *Of Dispensary Professionals* |
| 17 | |
|   | Scott Risner |
| 18 | Trial Attorney, U.S. Department of Justice |
|   | Civil Division, Federal Programs Branch |
| 19 | 20 Massachusetts Ave. NW |
|   | Washington, DC  20001 |
| 20 | Email:  Scott.Risner@usdoj.gov |
| 21 | And copies mailed via U.S. Mail |
|   | And electronically this <u>15th</u> day of |
| 22 | August 2011 to: |

Lisa T. Hauser
Gammage & Burnham
Two North Central, 15th Floor
Phoenix, AZ  85004
*Attorney for Defendant Arizona Medical Marijuana Association*

Brian Bergin
Rose Law Group, PC
6613 N. Scottsdale Road, Suite 200
Scottsdale, AZ  85250
*Attorneys for Defendants Serenity Arizona, Holistic Health Management, Levine, Pennypacker, Flores, Christensen, Pollock and Silva*

/s/Joie Gulley